UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

VS. : CR. NO.106S

JESUS GONZALEZ :

DEFENDANT'S RESPONSE TO GOVERNMENT'S OBJECTION TO
MOTION FOR COMPETENCY EVALUATION

Now comes the defendant, Jesus Gonzalez, and through counsel, responds to the Government's objection to his counsel's ex parte filing in the motion for competency evaluation.

The Government's principal objection is that defense counsel has "deprived the government of the ability to properly respond to the motion or participate in the proceedings." In this case the court must determine if a competency evaluation should be ordered or if a further hearing should be held to determine if the defendant's competence is in question. 18 U.S.C. § 4241 states; "At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court ***shall*** grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." (emphasis supplied).

The Court must determine if there is cause to believe that a competency evaluation is necessary. The court can do that based on the submissions before it or can order further hearings if necessary. It is hard to imagine what the Government could supply to provide any evidence of

Mr. Gonzalez's competence or lack thereof since the Government has had no direct contact with Mr. Gonzalez. The evaluation of defense counsel's concerns is a judicial function.

Because counsel's concerns about Mr. Gonzalez's competence concern his ability to assist in his defense, an issue that was discussed at the calendar call for this case on March 18, 2008 and of which counsel for the government is aware, counsel's concerns necessarily include attorney-client privileged information. Although submission to the court is necessary in this case, further dissemination of privileged information is not necessary or appropriate.

The Government argues that since a copy of a report of psychiatric or psychological examination will be provided to the attorney for the government, the government will eventually be privy to all of the information contained in the ex parte submission. That is not accurate. The court may decline to order an exam of Mr. Gonzalez. Should the Court make that decision the government would get no information from a psychiatric or psychological evaluation. Further even if the court does order an evaluation the government will receive a copy of that evaluation. It will not receive further attorney-client privileged information contained in the ex parte submission.

There is no legitimate reason that the Government needs any additional information in this case. The Government was present at the sidebar discussion at the trial calendar call where defense counsel's concerns about Mr. Gonzalez's competence were discussed extensively. The court has ordered a hearing on defense counsel's motion to withdraw at which the attorney for the government will be present and can make her own assessment of Mr. Gonzalez's competence.

Mr. Gonzalez objects to providing counsel for the government with the ex parte affidavit submitted in support of his motion for competency evaluation.

Jesus Gonzalez,
By his Attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 19th day of March, 2008.

/s/ Mary S. McElroy