UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :

VS. : CR. NO. 07-106S

JESUS GONZALEZ :

SUPPLEMENTAL MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO ISSUE SUBPOENA

Now comes the defendant, Jesus Gonzalez, and through counsel, supplements his memorandum of law in support of his motion to issue subpoenas duces tecum for the mental health and substance abuse treatment records of the government's witness in this case.

Defense counsel sought permission to issue the subpoenas with full knowledge that, should the court grant this motion, the witness has the right to object under the provisions of Defense counsel is aware of the witness's rights under R.I.G.L. § 5-37.3-6.1. This court's granting of the motion for permission to issue the subpoenas does not impact that right. Mr. Gonzalez would note that time is of the essence for the court deciding this motion as the witness must be afforded 20 days notice after the issuance of the subpoena and before the return of that subpoena under the applicable Rhode Island law. As this case is presently scheduled for trial on April 29, and Mr. Gonzalez would need time to review these records Mr. Gonzalez is asking that the court allow the issuance of the subpoena immediately.

The records that Mr. Gonzalez seeks are relevant to his cross examination of the witness who is critical to the government's case against him. The purpose of the sixth amendment's confrontation clause is to guarantee an opportunity for meaningful cross examination. *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974). Mental health records would contain information relevant to the witness' ability to properly perceive events and to relate accurately things that she has

perceived. Certainly evidence of the government's witness's mental instability is relevant to her ability to perceive and recall events or to testify accurately. *See United States v. Moore*, 923 F.2d 910, 913 (1st Cir. 1991). Evidence of her history of substance abuse is relevant to her motivation to testify as well as her ability to perceive and recall events.

The court need not reach the issue of relevance at this time. The sole issue here is whether the court will allow the defendant to *investigate* this material. The defendant has been provided with a list of the witnesses mental health providers by the government. He would seek to subpoena the records of those providers and the records of the prison in which the witness is presently held. Although Mr. Gonzalez is mindful of the privacy interest in her medical records of the government's witness, that interest can not trump his *constitutional* rights of effective representation and of confrontation.

Jesus Gonzalez,
By his Attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 26th day of March, 2008.

/s/ Mary S. McElroy