UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

FILED
APR 23 2008
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA, §
Plaintiff, §
vs. § Criminal No. 107-SLD-106
JESUS GONZALEZ, §
Defendant, §

## MOTION TO DISMISS AND REPLACE COUNSEL

Comes now, Defendant, Jesus Gonzalez, pro-se, and files this, his Motion to Dismiss and Replace Counsel, and would show the Honorable Court as follows:

I.

Defendant/movant is a pre-trial detainee, held as the Medical Center for Federal Prisoners. Movant is charged with a drug offense and is proceeding pursuant to 18 U.S.C. § 3006(A). Court appointed counsel has failed to investigage defenses in this matter, and may be engaged in "collusion" with the government to conceal an act of "entrapment" by the government, as held in the matters Jacobson v. United States, 503 U.S. 540 (1992)(entrapment) and Russell v. Lynaugh, 982 F.2d 1205, 1213-14 (5th Cir. 1989) and Cuyler v. Sullivan, 446 U.S. 335, 348 (1980). Said failures are resulting in a violation of Defendant's 5th Amendment secured rights to "due process" by the Court's "forcing" an ineffective attorney on the movant, as held in United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996).

II.

The Supreme Court has clearly held that a Court cannot "force" an incompetent attorney on an accused in two seperate matters, McKenna v. Ellis, 368 U.S. 877 (1961) and Massaro v. United States, 538 U.S. 500, 508 (2003). The failure of counsel to adequately

discuss "entrapment" or even "severance" from prejudicial "joinder" in a drug conspiracy give rise to the claims of "ineffective assistance of counsel", and clearly do not qualify as "effective" under the standards set by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Further, counsel refuses to discuss possibility of filing to suppress the evidence, or challenge the admissability of the evidence pursuant to the Supreme Court's holdings in Franks v. Delaware, 438 U.S. 154 (1978). This is a clear 6th Amendment deprivation in this case. Defendant/movant has a right to effective assistance of counsel at all times on this matter, as held by the Supreme Court in Gideon v. Wainwright, 372 U.S. 335 (1963).

Wherefore, premises considered, Defendant/movant Jesus Gonzalez, appearing in pro-se, does file this, his Motion to Dismiss and Replace Counsel, and does move this Honorable Court to conduct an immediate hearing on this matter, on the record, and to allow Defendant to testify to these "facts" in Court, under oath of law, to create a "record" of these issues, pursuant to his 6th Amendment right to "confrontation" and "effective assistance of counsel".

Respectfully Submitted,

* Jesus Gonzalez

Jesus Gonzalez #05913-070
FMC Devens
P.O. Box 879
Ayer, Mass. 01432
Defendant Pro-Se

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 22nd day of April, 2008, by placing such in the inmate mail box with first class postage affixed. Movant/Defendant is indigent. Pursuant to 28 U.S.C. § 1915 and 18 U.S.C. § 3006(A) movant does respectfully request assistance with service on the United States. One copy clearly "marked" has been provided for their review. One additional "carbon copy" has been provided to be filed stamped and returned for proof of docketing.

* Jesus Gonzalez

Jesus Gonzalez

United States District Court
Attn. Clerk of Courts
1 Exchange Terrace
Federal Building and Courthouse
Providence, Rhode Island 02903