**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 07-106-01S** |
| | ) | |
| **JESUS GONZALEZ** | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR FURTHER COMPETENCY EVALUATION**

The defense asks the Court to order additional testing and evaluation of the defendant's competency. This request should be denied. The court has received ample evidence of the defendant's mental status to deem him competent to stand trial.

**FACTS**

On July 21, 2007, High Intensity Drug Trafficking Area (HIDTA) Agents received information that a package express delivery service, known as DHL, was in possession of a package smelling of marijuana. On July 23, 2007, HIDTA agents attempted to deliver the package. Agents detained a woman who accepted and signed for the package, as well as the defendant, who had offered to accept the package and was found in possession of a slip of paper with the package identification number in his front pocket. On July 25, 2007, the United States charged the defendant with three counts of conspiring to distribute cocaine and marijuana. A subsequent search of the defendant's vehicle resulted in the seizure of several items of narcotics trafficking paraphernalia, including drug presses and a bag of cutting agent.

Over the last year, the defendant demonstrated great

dissatisfaction with his predicament and the attorneys representing him. He has changed counsel twice and filed a number of pro se motions. According to the defendant's in-court statements and his pro se pleadings, the defendant believes that his attorneys have conspired with the government.

On February 2, 2008, defendant's counsel requested to have the defendant evaluated by a psychologist to assess his competency to stand trial. The reasons for counsel's request were filed under seal. After a hearing regarding the motion, the Court ordered a psychological examination. The defendant was transferred to the Federal Medical Center at Fort Devons, where he was evaluated for approximately 30 days.

On May 22, 2008, Dr. Christine Scronce, a forensic psychologist with the Federal Bureau of Prisons, issued a forensic report on the defendant's mental status. The report said the defendant does not presently suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. Dr. Scronce later testified that she had conducted hundreds of competency evaluations such as the one she conducted on the defendant. She stated that the defendant's interviews were in both Spanish and English. During his stay at Fort Devons, Dr. Scrone met with the defendant on three occasions. She testified that the defendant was under the

supervision of facility personnel during his stay at Fort Devons. Dr. Scronce was aware that the defendant did not have any disciplinary problems and that he made use of prison facilities, including the library. Dr. Scronce interviewed the defendant's personal friend and reviewed a number of written documents purportedly authored by the defendant. When Dr. Scronce attempted to administer two written tests to the defendant, the defendant refused to take the tests or cooperate further with the evaluation.

Despite his refusal to take any tests, Dr. Scronce was able to conclude that the defendant was competent to stand trial. Although the defendant had lacked an understanding of the prosecutor's role in the trial, she said it is not unusual for a defendant with little understanding of the legal system, especially one from a foreign country, to have difficulty grasping the concepts of the American judicial system. She also recognized that many defendants are extremely displeased with their defense counsel. Despite these two issues, Dr. Scronce considered the defendant to be at a high level of functioning relative to other inmates that she had evaluated.

On June 18, 2008, defense counsel presented testimony from Dr. Catherine Ayoub, an Associate Professor at Harvard Medical School's Department of Psychiatry, who has conducted 25 to 35 adult competency evaluations. Dr. Ayoub said she was unable to

form an opinion or make a diagnosis regarding the defendant's competency, because the defendant would not cooperate adequately with her evaluation. According to Dr. Ayoub, she did not have enough information to disagree with Dr. Scronce; however, she questioned Dr. Scronce's diagnosis because the defendant had refused to take the written tests and because Dr. Scronce used an interpreter at points during her interviews. Dr. Ayoub recommended that the defendant be evaluated at a psychiatric facility for a period of time and that a trained interpreter be used during the interviews.

**LAW**

The determination of a criminal defendant's competency to stand trial is governed by standards laid out at 18 U.S.C. § 4241. See United States v. Wiggin, 429 F.3d 31, 36 (1st Cir. 2005) (finding a defendant competent based upon the court's observations of the defendant and expert testimony that the defendant was competent, despite expert testimony to the contrary). "The test for legal competence is 'whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him.'" Johnson v. Norton, 249 F.3d 20, 26 (1st Cir. 2001). Possible factors for the judge to consider in determining a defendant's competence to stand trial include a

defendant's behavior, his demeanor and any prior medical opinion on competence to stand trial. See Wiggin, 429 F.3d at 37-38; Johnson, 249 F.3d at 27. If after a hearing, the Court finds by a preponderance of the evidence that the defendant suffers from a mental disease or defect rendering him incompetent to understand the nature and consequences of the proceedings or to assist properly in his defense, then the Court shall commit the defendant to the custody of the Attorney General. See 18 U.S.C. § 4241(d).

The First Circuit has recognized that "[c]ompetent people can and do make decisions which others consider irrational." Wiggin, 429 F.3d at 37. That a defendant should repeatedly press losing arguments is not sufficient to determine a defendant incompetent to stand trial. See United States v. Ross, 510 F.3d 702, 712 (7th Cir. 2007).

> "In the final analysis, the determination of competency is a legal conclusion; even if the experts' medical conclusions of impaired ability are credited, the judge must still independently decide if the particular defendant was legally capable of reasonable consultation with his attorney and able to rationally and factually comprehend the proceedings against him."

United States v. Birdsell, 775 F.2d 645, 651 (5th Cir. 1985) (quoting United States v. Makris, 535 F.2d 899, 907 (5th Cir. 1976).

## ARGUMENT

A preponderance of the evidence establishes that the defendant is competent to stand trial.[1] Dr. Scronce determined that the defendant has the ability to understand the proceedings against him and aid in his defense. She based this determination upon three interviews conducted during a 30 day evaluation period; review of the defendant's pro se filings, the discovery, and the pretrial report; conversations with the defendant's counsel; and an interview with the defendant's friend. Dr. Ayoub stated she does not disagree with Dr. Scronce's evaluation, but that she would like more information before determining the defendant's competency. However, Dr. Ayoub does not have as much experience as Dr. Scronce in evaluating a defendant's competency, nor did she have as great an opportunity to observe the defendant as Dr. Scronce did. Thus, while the court is faced with one medical opinion that the defendant is competent and a second where no conclusion could be reached, there is no evidence before the court that the defendant has a mental disease or defect. Therefore, the preponderance of evidence shows that the defendant is competent to stand trial.

---

[1] 18 U.S.C. § 4241 is not clear regarding whether the defendant has the burden of proving that he or she is incompetent to stand trial or the prosecution has the burden of proving the defendant competent. See United States v. Patel, 524 F. Supp. 2d 107, 110-14 (1st Cir. 2007). However, for the purposes of this memorandum the government will assume the burden.

The defendant's lack of satisfaction with his counsel does not constitute evidence of the defendant's inability to stand trial. Nor does a lack of understanding of the legal system constitute an inability to stand trial. The defendant can be offered information regarding the workings of the legal system. His refusal to use the information to develop an understanding of the proceedings does not mean the defendant is unable to cooperate with counsel in presenting a defense. It just means he will not cooperate. A difficult defendant is not an incompetent defendant.

**CONCLUSION**

For the foregoing reasons, the Court should find the defendant competent to stand trial.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

**CERTIFICATION**

I hereby certify that on June 24, 2008, a copy of the within "Government's Response to Defendant's Motion For Further Competency Evaluation" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Mary McElroy
Federal Defender's Office
10 Weybosset Street, Suite 300
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
New York Bar
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj