UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 07-106S |
| | ) | |
| JESUS GONZALEZ | | |

## MOTION TO RECONSIDER

Now comes Mary S. McElroy, counsel for Jesus Gonzalez, and moves this Honorable Court reconsider its text order denying her June 25, 2008 motion to withdraw. In support of this motion defense counsel relies on the attached memorandum of law.

Respectfully submitted.

JESUS GONZALEZ
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

## CERTIFICATION

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 2nd day of July, 2008

/s/ Mary S. McElroy

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 07-106S |
| | ) | |
| JESUS GONZALEZ | | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RECONSIDER

On June 25, 2008 defense counsel filed a motion to withdraw as counsel for Mr. Gonzalez. This motion was made at the request of Mr. Gonzalez and after numerous unsuccessful attempts were made to forge an attorney-client relationship with Mr. Gonzalez. Mr. Gonzalez has repeatedly informed this Court that he lacks trust in his present counsel.

The Court has held hearings in the past several weeks relating to the issue of Mr. Gonzalez's competence to stand trial. The Court has heard testimony from both the government's expert and the expert retained by defense counsel about Mr. Gonzalez's competence. Significant evidence of Mr. Gonzalez's distrust of his counsel was produced. Whether that distrust is a result of mental disease or defect rendering him incompetent to stand trial is a matter that, as of yet, has not been resolved by this Court.

Although the Court is not required to appoint new counsel at the whim of Mr. Gonzalez, the record here establishes far more than a whim. The First Circuit recently discussed the factors relevant to its review of the denial of counsel's motion to withdraw: "1) the timeliness of the motion; 2) the adequacy of the court's inquiry into the defendant's complaint; and 3) whether the conflict between the defendant and his counsel was so great that it resulted in a total lack of communication preventing an adequate defense." *United States v. Hicks,* 2008 U.S. App. LEXIS

13502, *12 (1st Cir. June 26, 2008) (Citing *United States v. Van Anh*, 523 F.3d 43, 48 (1st Cir. 2008) and *United States v. Allen,* 789 F.2d 90, 92 (1st Cir. 1986)).

In this case counsel moved to withdraw on June 25, 2008. The trial in this matter is not scheduled until August 2008. At the competency hearing held on June 19, 2008, The court heard testimony from Dr. Ayoub that, since Mr Gonzalez will not cooperate in a competency exam, while represented by current counsel, one way to determine if Mr. Gonzalez is competent to stand trial would be to provide new counsel for him.

The court has previously heard from Mr. Gonzalez about his dissatisfaction with counsel. This dissatisfaction has resulted in Mr. Gonzalez's refusal to discuss this case with counsel. Accordingly counsel has been unable to obtain information to determine whether to file motions or to conduct the investigation necessary to defend against the government's charges or to determine if there are any affirmative defenses available to Mr. Gonzalez. The absence of communication has had a severely detrimental impact on counsel's ability to investigate and prepare this case for trial. The court must weigh this factor heavily.

An attorney has an ethical obligation to provide competent representation to her client. Such representation requires legal knowledge and factual preparation. *R.I. Supreme Court Rules of Professional Conduct Rule 1.1*. In this case, because of Mr. Gonzalez will not communicate with counsel, counsel is unable to meet her ethical obligation to provided competent representation.

______Although the government has expressed a desire to proceed to trial expeditiously, Mr. Gonzalez cannot proceed to trial until he is competent and represented by counsel who is able to provide constitutionally mandated effective assistance of counsel.

______Allowing current counsel to withdraw will not necessarily delay the trial and may further

this Court's ability to determine Mr. Gonzalez's competency. It will also ensure that Mr. Gonzalez will be provided with effective assistance of counsel.

For all of these reasons defense counsel asks that this Court reconsider her motion to withdraw.

Respectfully submitted.

JESUS GONZALEZ
By his attorney,

/s/ Mary S. McElroy
Assistant Federal Defender
10 Weybosset St., Ste. 300
Providence, RI 02903
(401) 528-4281 (401) 528-4285 Fax
Mary_McElroy@fd.org

**CERTIFICATION**

I hereby certify that I electronically filed and served a copy of the within on Sandra Beckner, AUSA on the 2nd day of July, 2008

/s/ Mary S. McElroy