IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR 07-106S |
| JESUS GONZALEZ | : | |

GOVERNMENT'S MOTION IN LIMINE

The government moves the Court to overrule any objection by the Defendant to the chain of custody of the packages of cocaine and marijuana that the government will introduce at trial. Specifically, in this case, the Court should preclude the Defendant from arguing that the packages of cocaine and marijuana should not be admitted into evidence because one of the officers in the chain of custody, Federal Bureau of Investigation Special Agent Michael R. Morehead, is unavailable to testify in court. SA Morehead is working a detail in Afghanistan and will not have returned to the United States in time for the Defendant's trial.

FACTS

On Saturday, July 21, 2007, Detective Richard Ruggiero received information that a package delivery service, known as DHL, was in possession of a package they suspected of containing marijuana.

On July 23, 2007, at approximately 10:20 a.m., Detective Ruggiero, in DHL uniform, attempted to deliver the package. Detective Ruggiero knocked on the door of 80 Hawkins Street, 2nd floor, but there was no response. A male, later identified as JESUS M. GONZALEZ, came up the stairs carrying a bag and Detective Ruggiero asked if Anna Ohoben, the woman to whom the package was addressed, was available. GONZALEZ stated that she was at work. GONZALEZ opened the 2nd floor apartment. He informed Detective Ruggiero that Anna was his cousin, and he offered to sign for the package, but Detective Ruggiero refused. GONZALEZ then called a woman on his cell phone and spoke to her in Spanish. He then handed Detective Ruggiero his cell phone and spoke with a female who identified herself as "Anna." She agreed to come to the house to pick up that package at noon.

GONZALEZ left in his car and later came back with a female, later identified as KRISTINA LAFRANCE a/k/a Anna Ohoben. The two individuals entered the 2nd floor apartment. Shortly after, GONZALEZ left again and drove approximately one block away where he waited in the Crown Victoria.

At approximately 12:10 p.m., Detective Ruggiero knocked on the apartment door and LAFRANCE answered. She signed for the package after spelling out the last name "Ohoben" and took the package into the apartment.

LAFRANCE was detained and Mirandized. LAFRANCE admitted that she had been paid $100 to accept the package. She was found to be in possession of $100 cash. She stated that GONZALEZ is the brother of her boyfriend.

GONZALEZ was detained and found to be in possession of a slip of paper in his front pocket. The DHL package identification number was written on the slip of paper.

Inside the package Detective Ruggiero noted 3 smaller packages. Two contained marijuana and field tested positive for marijuana. The approximate weight was 26 lbs. The third package contained cocaine and field tested positive for cocaine. The approximate weight of the cocaine was 1,021 grams. The package contained fabric softener sheets.

The drugs were seized following standard operating procedures. The packets of cocaine and marijuana were sealed by Detective Ruggiero and SA Morehead. SA Morehead then maintained custody of the drugs for approximately 50 minutes before turning them over to the FBI Evidence Custodian, Chester Schreib. Schreib placed the sealed packages of narcotics into evidence until he mailed them to the Northeast Regional Laboratory, where they were analyzed and it was determined that the package contained 943 grams of cocaine and a quantity of marijuana. The brief period during which SA Morehead maintained custody of the drugs represents the break in the chain of custody, because SA Morehead is not available to testify at trial.

## THE PRESUMPTION OF OFFICIAL REGULARITY SHOULD PRECLUDE THE DEFENDANT FROM CHALLENGING A BREAK IN THE CHAIN OF CUSTODY OF THE EVIDENCE

In determining the admissibility of evidence, the court must ascertain whether there is a reasonable probability that the evidence has not been altered in any material respect since the time of the crime. See United States v. Ortiz, 966 F.2d 707, 716 (1st Cir. 1992); United States v. Collado, 957 F.2d 38, 39 (1st Cir. 1992). "'Even though there may

be gaps in the chain of custody for a certain piece of evidence, such gaps factor into the weight given to the evidence rather than its admissibility.'" United States v. Anderson, 452 F.3d 66, 80 (1st Cir. 2006) (quoting United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir. 1992)). Where the defendant offers no evidence that the drugs have been altered, the trial judge is entitled to rely on a presumption of official regularity in the government's handling of the contraband based on official records or expert testimony. See Ortiz, 966 F.2d at 716; Collado, 957 F.2d at 39; United States v. Luna 585 F.2d 1, 6 (1st Cir. 1978).

SA Morehead's inability to testify regarding his link in the chain of custody of the packages of cocaine and marijuana should not preclude the packages from being admitted into evidence. The government can offer testimony from the detective that took part in the controlled delivery and witnessed and/or sealed the packages, testimony from the evidence custodian, and testimony from the lab technicians that analyzed the narcotics and records of the transfer of this evidence from one party to another. While SA Morehead's inability to testify might factor into the weight of the evidence, FBI protocols for the handling of evidence and the testimony of other government officials are enough for the court to rely on a presumption of official regularity. The only difference between the chain of custody in this case and the chain of custody in any other narcotics case is that one of the agents involved is in Afghanistan and cannot be present for trial.

The presumption of official regularity has been applied in a number of cases that compare favorably to this one. See, e.g., Anderson, 452 F.3d at 80-81 (testimony of

officer that mailed package containing narcotics evidence to government chemist lab and testimony of chemist that received package sufficient when coupled with presumption of official regularity to admit narcotics into evidence); United States v. Barrow, 448 F.3d 37, 42 (1st Cir. 2006) (testimony of officers coupled with presumption of official regularity sufficient to admit into evidence narcotics that had been transported in bottles that subsequently broke while in police custody); Collado, 957 F.2d at 39 (presumption of official regularity coupled with testimony from government agents was sufficient to allow into evidence narcotics that had spent a night deposited in locked deposit safe lab before being accepted by lab employees); Ortiz, 966 F.2d at 716 (testimony relating to how narcotics were seized coupled with testimony relating to how they were tested and presumption of official regularity sufficient to admit them as evidence despite the lack of testimony regarding how the narcotics were transported to government lab); United States v. Mahecha-Onofre, 936 F.2d 623, 625 (1st Cir. 1991) (authentication requirement met by testimony of officers that found narcotics and testimony of chemists that tested narcotics); Luna, 585 F.2d at 5-6 (testimony of officers that placed evidence into locked filing cabinet for storage coupled with assumption of official regularity sufficient to admit narcotics into evidence despite package of narcotics not being numbered, no log kept, and packet being left in filing cabinet accessible by other officers who did not testify). Based upon this precedent, the testimony the government will be able to provide will be sufficient to enter packages of marijuana and cocaine into evidence.

CONCLUSION

Based upon the foregoing, the Court should deny any objection to the chain of custody based upon SA Morehead's absence. The government asks for a ruling pretrial to allow it time to move for a continuance in the event the Court deems such a break in the chain of custody to be a fatal flaw precluding the admissibility of the narcotics seized.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000/Fax 5001
sandra.beckner@usdoj

## CERTIFICATION

On August 11, 2008, I caused the within "Government's Motion in Limine" to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Judith Crowell
Attorney at Law
128 Dorrance Street
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
Assistant United States Attorney
New York Bar
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 709-5000
Fax: (401) 709-5001
Sandra.beckner@usdoj.gov