UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 07-106S

JESUS GONZALEZ

**DEFENDANT'S OBJECTION TO GOVERNMENT'S MOTION IN LIMINE**

The Defendant, Jesus Gonzalez, objects to the Government's motion in limine, which seeks to elicit from this Honorable Court a pretrial ruling barring Defendant from objecting to the admissibility of the cocaine and marijuana that the Government will seek to introduce into evidence at trial on the basis that the Government cannot establish the chain of custody of the controlled substance because the primary link in that chain is temporarily unavailable to testify at trial. According to the discovery materials that the Government has provided to Defendant, Agent Morehead signed a document indicating that he submitted three items allegedly seized on July 23, 2007 in connection with this case to the laboratory, which received the items on August 7, 2007. There is no other documentation regarding custody of these items contained in discovery, nor are there any police reports or grand jury testimony setting forth any of the "facts" regarding custody set forth by the Government in its Motion.

Defendant submits that this Court cannot and should not accept the Government's recital of the chain of custody, which is hearsay, is not subject to cross examination, and is not sworn testimony, as a sufficient basis for any decision on the issue raised by the Government. In Defendant's view, any decision on this issue requires an evidentiary hearing at which the Government is required to present sworn testimony regarding the travel of the items seized from the moment of seizure to the laboratory analysis results. It

appears that Agent Morehead may have been the only law enforcement officer who had custody of the items during a significant period of time; if so, the Government's desire to proceed without his testimony is troubling, especially in view of the fact that this case has appeared on this Court's trial calendar on prior occasions and the Government was well aware that a trial was imminent.

Defendant also submits that First Circuit case law does not support the Government's request. In United States v. Abreu, 952 F.2d 1458, 1467 (1st Cir. 1992), a case cited by the Government, the Court held that "[i]f the offered evidence is of the type that is not readily identifiable or is susceptible to alteration, a testimonial tracing of the chain of custody is necessary". Only in the event that the evidence is readily identifiable and not susceptible to alteration is there a "presumption of official regularity". Furthermore, in United States v. Collado, 957 F.2d38 (1st Cir. 1992), another case on which the Government relies, the First Circuit held that the "presumption of regularity" arose from testimony, introduced by the Government, that "traced custody of the challenged evidence from the moment [law enforcement] saw the defendant drop it, until it was introduced in evidence". In other words, the "presumption of regularity" arises out of evidence introduced at trial; it is not, as the Government contends, a substitute for evidence the Government does not introduce at trial.

Similarly, in United States v. Anderson, 452 F.3d 66 (1st Cir. 2006), the only gap in the testimonial chain of custody was the informant who purchased the drugs from the target of the investigation; the informant was not available for trial, but he had been searched thoroughly before the transaction and was under continuous surveillance from the time of the search, through the transaction itself, and until he turned over the drugs to

law enforcement, who testified to a continuous chain of custody thereafter as the drugs were forwarded to a laboratory for analysis. In United States v. Luna, 585 F.2d 1 (1st Cir. 1978), the only gap in the chain of custody introduced by the Government at trial was the time when the evidence was contained in a safe; in these circumstances, the "presumption of regularity" arose from the evidence presented at trial and the testimony of the officers who had custody of the drugs and the chemist who analyzed them

Contrary to the Government's contention, neither official records nor expert testimony are an appropriate substitute for testimony from the law enforcement officers who had custody of the drugs and the chemist who analyzed them. In United States v. Ortiz, 966 F.2d 707 (1st Cir. 1992), the Government presented testimony of the agents who handled the drugs and the chemist who analyzed them; the court concluded that, based on this testimony, the "presumption of regularity" excused the Government's failure to present testimony regarding the manner in which the drugs traveled from Puerto Rico, where they were seized, to the Miami laboratory where analysis occurred.

Here, in contrast, the Government seeks to obviate the necessity for presenting testimony from the single law enforcement officer who had custody of the drugs from the time that they were seized until the drugs were forwarded to the laboratory for analysis. Defendant submits that the case law cited by the Government does not provide a legal basis for excusing the Government from presenting this testimony, and that the Government has been on notice throughout the summer that a trial of this case is imminent. Defendant's counsel, who was only recently appointed, has agreed to accelerate trial preparation so that this case can be tried in September, and Defendant will

strenuously object to any continuance based on the unavailability of a law enforcement witness. Defendant also strenuously objects to the Government's motion in limine.

JESUS GONZALEZ
Defendant
By His Attorney,

/s/ Judith Crowell, Esq.
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on August 18, 2008, a copy of this Memorandum was e-filed and served via e-file on AUSA Sandra Beckner, 50 Kennedy Plaza, Eighth Floor, Providence, RI 02903.

/s/Judith Crowell, Esq.