UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

V. Cr. No. 07-106-01S

JESUS GONZALEZ

**PRETRIAL MEMORANDUM**

Pursuant to this Court's Pretrial Order, Defendant Jesus Gonzalez submits the following pretrial memorandum.

A. Issues

1. Whether the Government can prove, beyond a reasonable doubt, that this Defendant knowingly conspired with Kristina Lafrance and others to distribute and to possess with intent to distribute more than 500 grams of cocaine.

2. Whether the Government can prove, beyond a reasonable doubt, that this Defendant and Kristina Lafrance possessed with intent to distribute more than 500 grams of cocaine.

3. Whether the Government can prove, beyond a reasonable doubt, that this Defendant and Kristina Lafrance possessed with intent to distribute marijuana

B. Arguments

This Defendant's position is that the Government cannot prove these allegations. Defendant submits that the cooperating witness, Kristina Lafrance, is not credible, and

that her testimony is the bedrock of the Government's case. The defendant further submits that the police witnesses failed to follow standard police practices in certain important respects, and that much of their testimony is therefore also without credibility. For example, when Detective Ruggiero disguised himself as a DHL driver and attempted to deliver the package on the morning of July 23, 2007, he wore a device that enabled other officers to listen to the conversation that he had with this Defendant inside the building. He chose not to wear a device that would record that conversation, even though such devices are common tools of narcotics investigators. Similarly, there is no written memorial of the Miranda rights that were allegedly given to this Defendant at his apartment or of his alleged consent to the search of that apartment, even though standard forms are customarily used by law enforcement officers to memorialize such important events. If the testimony presented by the Government is not believed, Defendant submits that the factfinder will find him not guilty on each Count of the Indictment.

C. Pending Matters.

1. Use of contents of mental health records of the codefendant cooperating witness in cross-examination.

Counsel for Defendant has subpoenaed mental health records of the cooperating witness from the Donald W. Wyatt Detention Facility, Butler Hospital, Arbour-Fuller Hospital, Gosnold on Cape Cod, Rhode Island Hospital and The Providence Center. Those records are under seal. Counsel for Defendant has reviewed the records and identified those that contain information that Defendant will seek to use during cross-examination, including entries indicating that the cooperating witness has a far more lengthy and extensive history of cocaine use than she has admitted to the Government; that she has repeatedly lied about her history of cocaine use, both to the Government and

to various treatment providers; that she has a history of hearing voices; and that her professed history of physical, emotional and sexual abuse by the Defendant's brother gives her a motive to lie regarding Defendant's involvement in the instant case. This Court must address any objection made by the Government or by counsel for the cooperating witness to Defendant's use of the contents of the identified records, which were provided to the Government and to counsel for the cooperating witness on August 21, 2008.

Defendant submits that the severity and duration of the witness' cocaine abuse, which began many years before she met the Defendant and continued after the Defendant's incarceration, as well as her inconsistent statements regarding that subject are legitimate fodder for cross examination. Similarly, Defendant submits that, because the witness repeatedly told her treatment providers that she was abused by Defendant's brother, she has a motive to implicate Defendant in this case falsely. Finally, Defendant submits that her history of hearing voices suggests that her perceptive ability may be impaired, either by her lengthy and extensive history of substance abuse or by her underlying mental health issues..

2. <u>Admissibility of bank deposit slips seized from Defendant's wallet and motor vehicle, as well as bank records pertaining to the corresponding bank accounts.</u>

Defendant has filed a motion <u>in limine</u> asking the Court to exclude from evidence bank account records as well as three bank deposit slips, two found in Defendant's wallet and the third in the search of Defendant's Mercedes Benz automobile. The two deposit slips from Defendant's wallet reflect cash deposits of $9,000, made on June 11 and June 28, 2007. The deposit slip from Defendant's motor vehicle reflects a cash deposit of

$2000, made on July 16, 2007. Each deposit was made to a different bank account. The bank records show that each of the three accounts is in the name of a different individual, each of whom resides at a different Los Angeles, California address. The return address on the package containing the cocaine and marijuana in the instant case was a business located in Reseda, California.

The Government does not proffer any evidence of a connection between the business (apparently, a nail salon) and any of the individuals to whom the bank accounts belong, other than the mere fact that the individuals all reside in Los Angeles, California and the business is located about 35 miles outside that city. Los Angeles is a large metropolitan area. Defendant submits that geography, standing alone, does not establish a factual nexus between the return address on the package and the individuals in whose names the bank accounts are held.

Similarly, the Government does not proffer evidence that Defendant made any of the deposits. Nevertheless, it is clear that the Government seeks to introduce the deposit slips and bank records to suggest not only that Defendant made the deposits but also that, because the deposits were made in cash and the "narcotics business is a cash business", Defendant is involved in the narcotics business, and that he is therefore guilty of the narcotics offenses set forth in the Indictment.

Defendant submits that this evidence should not be admitted, for two reasons. First, even assuming, arguendo there is some minimal relevance to this evidence, Defendant submits that its probative value to any issue in the instant case is substantially outweighed by the danger of unfair prejudice to the Defendant. See United States v. Gobbi, 413 F.3d 302 (1st Cir. 2006). In fact, Defendant submits that the only relevance of

this evidence is to show Defendant's bad character, in order to prove that he acted in conformity therewith in the instant case, precisely the type of evidence that Rule 404(b) excludes. The First Circuit has "interpreted Rule 404(b) to require some 'special relevance', that is, 'a purpose other than solely to prove that the defendant had a propensity to commit the crime in question.'" United States v. Jimenez, 507 F.3d 13 (1st Cir. 2007) In addition, such evidence cannot "include bad character or propensity as a necessary link in the inferential chain". United States v. Robinson, 473 F.3d 387 (1st Cir. 2007).

In its supplemental pretrial memorandum, the Government seeks to recast the conspiracy that was charged in the Indictment, in order to include the bank deposit slips and bank records as evidence of the charged conspiracy. However, the evidence before the grand jury that indicted this Defendant was limited in scope to the events of July 21 through July 23, 2007, from the time that the package in question was found to contain a controlled substance up to the controlled delivery and arrest of this Defendant and his codefendant. There was no evidence before the grand jury regarding any larger conspiracy.

Defendant submits that the scope of the charged conspiracy is limited by the evidence that formed the basis for the Indictment. A defendant cannot be convicted on the basis of facts not found by, or even presented to, the grand jury which indicted him. Russell v. United States, 369 US 749 (1961). Furthermore, "[t]he very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." Stirone v. United States, 361 US 212, 218 (1961). Accordingly,

Defendant submits that the conspiracy charged in the Indictment is limited in scope by the evidence presented to the grand jury, which did not include any California activity or even any activity occurring prior to July 21, 2007.

Similarly, Defendant submits that the Government must prove the conspiracy charged in the Indictment, and not some other, larger, conspiracy in order to prevail in the instant case. See Stirone v. Untied States, 361 US 212 (1960); Ex parte Bain, 121 US 1 (1887). The Defendant therefore submits that the deposit slips and bank records are not relevant as evidence of the conspiracy charged in the Indictment, and so would only be relevant as evidence of "bad character" under Rule 404(b). As set forth in the preceding section of this memorandum, Defendant submits that this evidence does not fall within any of the exceptions to the general rule excluding such evidence, and so Defenant's motion in limine to exclude this evidence should be granted.

Counsel for Defendant has reviewed the declarations of the custodians of the bank records in question, as well as the requirements of Rule 902(11) of the Federal Rules of Evidence, and has concluded that there is no viable basis to challenge the authenticity of the records under that Rule.

3. Testimony of cooperating witness regarding purchase of drugs from Defendant and using drugs with him.

The Government has indicated that it will not elicit testimony in its case in chief from the cooperating witness, either that she had purchased drugs from the Defendant in the past or that she had used drugs with him. Clearly, such testimony would be evidence of prior bad acts under Rule 404(b), and would not be admissible. However, during cross examination the Court has noted and the parties acknowledge that counsel for Defendant may "open the door" for such testimony. Defendant contends that the cooperating

witness, who has a very troubled mental health history and a cocaine habit of many years' duration, has lied repeatedly about the duration and extent of her cocaine use, which began many years before she met the Defendant and continued after Defendant was incarcerated. The Defendant also contends that the abusive relationship described by the witness to her treatment providers, between the cooperating witness and Defendant's brother, provides a motive for the witness to lie about Defendant's involvement in this matter. In order to raise the issue of bias against Defendant's family due to events that occurred in the months prior to her arrest, it may be necessary for counsel to ask questions of the cooperating witness regarding drug use with her boyfriend during that time period, and to confront her with statements to treatment providers regarding, among other things, her drug use with her boyfriend. In order to minimize the likelihood that the witness will non-responsively testify regarding Defendant's drug use, Defendant requests that both the Government and the Court caution this witness that her answers should be responsive and limited to the questions asked.

D. Voir Dire.

This Defendant requests that the Court inquire regarding the following:

1. Whether any of the prospective jurors, their close friends or relatives, are or have ever been employed in any field of law enforcement.
2. Whether any of the prospective jurors have had any formal education or vocational training in the areas of criminal justice or criminal law.
3. What are the views of the prospective jurors regarding drug addiction, drug use and drug abuse.

4. Whether any of the prospective jurors, or any close friend or relative, have ever been treated for a substance abuse problem or drug addiction.

5. Whether any of the prospective jurors harbor any prejudice against immigrants, especially those of Hispanic descent, and in particular natives of the Dominican Republic.

6. Whether any of the prospective jurors have had a negative personal experience with a Hispanic person, or particularly a person from the Dominican Republic.

7. Whether any of the prospective jurors, or any close friend or relative, has ever been a victim of a crime or a witness to a crime.

8. Whether any of the prospective jurors expect this Defendant to prove anything at trial.

9. Whether any of the prospective jurors have any difficulty accepting the proposition that the Government must prove this Defendant's guilt beyond a reasonable doubt.

10. Whether any of the prospective jurors expect the Defendant to testify,

8or would hold it against the Defendant in any way if he chose to exercise his constitutional right to remain silent and did not testify.

JESUS GONZALEZ
Defendant
By His Attorney,

/s/Judith Crowell, Esq. #1993
128 Dorrance Street
Fourth Floor
Providence, RI 02903
(401) 272-6600

**CERTIFICATION**

I hereby certify that on August 26, 2008, I served a copy of this Memorandum on AUSA Sandra Beckner, via e-filing.

/s/ Judith Crowell, Esq.