IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. No. 07-106-01S |
| | ) | |
| | ) | |
| | ) | |
| JESUS GONZALEZ | ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

The defendant has filed a motion seeking to exclude five items of evidence seized in this case contending that such evidence is irrelevant and prejudicial. For the reasons set forth below, the defendant's motion should be denied.

1. Bank deposit slips and bank records. There were two bank receipts seized from the defendant's wallet, and one from his vehicle. These receipts reflect three large cash deposits ($9,000, $9,000, and $2,000) into the accounts of three individuals residing in California on June 11, 2007, June 28, 2007 and July 16, 2007.

The government contends that this evidence is circumstantial evidence of the conspiracy to distribute narcotics and the defendant's intent to distribute. The package that was sent to the defendant's apartment via DHL contained nearly one kilogram of cocaine and approximately 26 pounds of marijuana. This package was shipped from California. Agents can testify that the narcotics business is a cash business and that California is a source area for narcotics. They also can testify to the price of kilogram of

cocaine. Given that the defendant has receipts reflecting $20,000 worth of cash deposits into the accounts of three individuals in California, the government contends that such evidence makes it more likely that he was involved in a conspiracy to distribute controlled substances. Thus, such evidence is relevant.

Furthermore, there is nothing unfairly prejudicial about this evidence. They are simply business records. The receipts were seized from the defendant's person and vehicle, and like other physical evidence seized, they link the defendant to the conspiracy.

2. Statements of Ms. LaFrance that she used drugs with the defendant. The government does not intend to introduce evidence that the defendant used drugs in its case-in-chief.

3. Mail receipts seized from the defendant's Crown Victoria. The government does not intend to introduce these receipts in its case-in-chief.

4. The notice of demand for non-payment of rent seized from the defendant's vehicle. This document was found crumpled inside the kilogram press seized from the Mercedes-Benz and is attached as an exhibit to this response.

The government contends that such evidence, much like a fingerprint, links the defendant to the narcotics paraphernalia seized from his trunk. See, e.g., United States v. Serrano, 434 F.3d 1003, 1005 (7th Cir. 2006) (receipts, bills, and other documents are not hearsay when offered as circumstantial evidence linking a defendant to a particular location); see also United States v. Paulino, 13 F.3d 20, 24 (1st Cir. 1994) (rent receipt

seized from the apartment containing drugs was admissible as an adoptive admission). In short, the rent receipt is not being offered for the truth of the matter asserted, but instead as evidence of the defendant's connection to the narcotics paraphernalia and cocaine residue seized from the Mercedes-Benz.

There is nothing inflammatory about the demand for payment on its face, or anything unfairly prejudicial about it. Furthermore, if there is a particular phrase or portion of the document to which the defendant objects, the government would not be opposed to redacting certain portions of the exhibit. Obviously, however, the government would object to redaction of the defendant's name from the paper.

5. The W-2 forms seized from the defendant's vehicle. The government does not intend to introduce this evidence in its case-in-chief.

Respectfully submitted,

UNITED STATES OF AMERICA,

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U.S. Attorney
New York Bar
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj.gov

CERTIFICATION

I hereby certify that on August 1, 2008, a copy of the within "Government's Response to Defendant's Motion in Limine" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Judith Crowell
Attorney at Law
128 Dorrance Street
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
New York Bar
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj