**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | **CR. NO. 07-106S** |
| | ) | |
| **JESUS GONZALEZ** | ) | |

**GOVERNMENT'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

In drafting its response to the defendant's motion to suppress the government's counsel relied upon the reports of the various officers involved. Since filing its response the government learned of the following additional facts:

1) SGT Dorian Rave found a key to the defendant's Merecedes-Benz during the frisk of the defendant, but returned it to the defendant's pocket. By the time the defendant was brought back to the State Police Barracks, that key was gone.

The defense counsel, in her brief, argues that because the detectives seized the keys to the Mercedes, the decision to seek the warrant was prompted by the allegedly illegal arrest. See United States v. Dessesaure, 429 F.3d 359, 367-69 (1st Cir. 2005). While apparently a key had been found although not seized, the government nonetheless maintains that the warrant would have been sought regardless of the discovery of the key. Even if the Court were to conclude that the key was the fruit of an illegal arrest, given that the Mercedes was observed parked at 80 Hawkins Street during the controlled delivery of the package, the Mercedes was registered to the defendant, and there were two ongoing investigations relating to the defendant and his use of the Mercedes in his narcotics activities, it is likely that the detectives would have

nonetheless obtained a warrant for the vehicle.

______2) In its brief, the government stated that the defendant consented to a search of 80 Hawkins Street. Detective Ruggiero cannot remember the circumstances or details surrounding that consent. Accordingly, the government will no longer pursue that argument. As already briefed, the government relies upon the consent of Kristina LaFrance, the co-defendant accepting delivery of the package, to support the search of the apartment. Additionally, the government notes that many of the items found were within the area within the immediate control of Ms. LaFrance and thus, within the scope fo a valid search incident to arrest. See Chimel v. California, 395 U.S. 752, 763 (1969).

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

**CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2008, a copy of the within "Government's Supplemental Response to Defendant's Motion to Suppress" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Judith Crowell
Attorney at Law
128 Dorrance Street
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj