**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | **Cr. No. 07-106S** |
| | : | |
| | : | |
| | : | |
| **JESUS M. GONZALEZ** | : | |

**GOVERNMENT'S MOTION IN LIMINE**

On August 21, 2008, the defense provided the government with mental health records of a government witness, Kristina LaFrance. Defense counsel[1] indicated an intention to cross-examine Ms. LaFrance about her cocaine use, her relationship with the defendant's brother as it might relate to bias, the indication that Ms. LaFrance claimed to be "hearing voices" in 2001, and the statements in which Ms. LaFrance admitted to being untruthful with the mental health care providers about her cocaine use. Defense counsel has also indicated that she intends to use the mental health records to refresh Ms. LaFrance's recollection.

**Cocaine Abuse**

The government believes that it is proper for the defense to inquire about Ms. LaFrance's cocaine use from around the time of the offense until the time she testifies;

[1] A motion to withdraw has been filed based upon representations of the defendant that he may want to represent himself.

however, the government objects to the use of such evidence for general impeachment purposes. The courts have recognized that while a witness's drug use around the time of the offense or at the time she testifies may be relevant to the witness's perception, prior drug use is remotely relevant if at all. See United States v. Hickey, 596 F.2d 1082, 1090 (1st Cir. 1979) (finding no abuse of discretion in the district court's decision to limit cross-examination about a witness's drug use to a period from one week prior to the robbery to the time of trial); see also United States v. Sellers, 906 F.2d 597, 602 (11th Cir. 1990) (affirming the district court's decision to prohibit cross-examination about drug use occurring more than one year prior to the relevant time period); United States v. Dipaolo, 804 F.2d 225, 230 (2d Cir. 1986) ("'[A] general *habit of intemperance* tells us nothing of the witness's testimonial capacity [unless it involves] actual intoxication at the time of the event observed or at the time of testifying.'"); United States v. Ible, 630 F.2d 389, 394 (5th Cir. 1980) ("It is well settled that impeachment of a witness by presenting testimony of a general habit of intemperance unrelated to veracity is improper."); Evicci v. Maloney, 2003 WL 21339277, at *5 (D.Mass June 4, 2003) (unpublished) (trial judge's ruling limiting cross-examination regarding drug use to a 24-hour period was reasonable).

In light of this precedent, the government contends that the evidence of Ms. LaFrance's drug use during 2000, 2001, 2002, and 2005 is not relevant to her ability to perceive the events about which she will testify. Such evidence is more prejudicial than probative, and will result in needless embarrassment of the witness. Accordingly, the

government respectfully requests that the Court limit the defense's cross-examination regarding drug use to Ms. LaFrance's use during 2007 and 2008.

**Untruthful Statements Regarding Drug Addiction**

To the extent such statements exist, the government asks that inquiry regarding this area be limited to the same time period during which defense is permitted to question Ms. LaFrance about her drug use. See Sellers, 906 F.2d at 602 (untruthful statements about drug use were apparently motivated by extreme emotional distress and thus had little if any conceivable relevance to witness's credibility at trial).

**Hearing Voices**

The mental health records provided to the government demonstrate that Ms. LaFrance claimed to hear voices in 2001. The records also demonstrate that she denied hearing voices during 2007, the relevant time period for this case. Despite the age of Ms. LaFrance's claim of hearing voices, the government agrees that the defendant should be allowed to explore this issue with the witness since "hearing voices" could impact upon her perception. See United States v. Rivera-Rodriguez, 872 F.2d 1073, 1084-85 (1st Cir. 1989) (recognizing that cross-examination into a witness's psychiatric history is permissible); but see United States v. Rodriguez, 163 F.3d 135, 144 (1st Cir. 1998) (affirming the district court's refusal to allow defense counsel to question the

witness about her attempted suicide and an incident in which she supposedly tried to burn her hair).

**Bias**

Defense counsel indicated an intention to question Ms. LaFrance about her abusive relationship with the defendant's brother, her boyfriend. According to the defense counsel, the emotional, physical and sexual abuse Ms. LaFrance claimed to have suffered at the hands of her boyfriend might make her biased against the defendant.

This seems to be a rather tenuous argument, especially since Ms. LaFrance was dating the defendant's brother at the time of her arrest and statements to law enforcement. Given the loose logical connection and the potential for embarrassment to the witness in light of the nature of the abuse, the government respectfully requests that the Court limit the defense counsel to specific questions about Ms. LaFrance's alleged bias and not allow a general exploration of the abuse suffered. Broad cross-examination regarding the abuse could prove to be painful and humiliating to the witness.

**Refresh Recollection**

The defense has indicated an intention to refresh Ms. LaFrance's recollection with the mental health records identified. The government contends that it is improper to refresh a witness's recollection on a collateral matter that is only relevant to truthfulness or untruthfulness. See Fed. R. Evid. 608(b); United States v. Tse, 375 F.3d

148, 166-67 (1st Cir. 2004) (affirming the district court's refusal to allow defense refresh the witness's memory regarding answers on an employment application that were collateral to the case at hand and only relevant to impeach the witness as untruthful).

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2008, a copy of the within "Government's Motion in Limine" was filed electronically and is available for viewing and downloading from the ECF system.

Electronic notification:

Ms. Judith Crowell
Attorney at Law
128 Dorrance Street
Providence, Rhode Island 02903

/s/ SANDRA R. BECKNER
SANDRA R. BECKNER
Assistant U. S. Attorney
NY Bar
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
sandra.beckner@usdoj